UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Mark B. Mumley,                    :
        Petitioner,                :
                                   :
    v.                             :        File No. 2:06-CV-145
                                   :
Robert Hofmann,                    :
Commissioner, Vermont             :
Department of Corrections,        :
        Respondent.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 3 and 10)

Petitioner Mark B. Mumley, proceeding *pro se*, has filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Mumley reports that he filed a habeas corpus petition in Vermont state court, but that delays in that proceeding are "wasting [his] time."  Consequently, he now contends that he should be allowed to proceed in federal court.  The respondent has requested dismissal on the basis of Mumley's failure to exhaust his state court remedies.  For the reasons set forth below, I agree with the respondent and recommend that Mumley's petition be DISMISSED without prejudice.

Factual Background

In his petition, Mumley states that on July 26, 2004, he was convicted in state court on a charge of being an

accessory before the fact in violation of 13 V.S.A. §§ 4 and
1802.  He received a sentence of 0 to 8 years for his
offense.  Mumley also alleges that he has a habeas corpus
petition pending in state court.  The petition reportedly
asserts, *inter alia*, that the prosecution used coerced
confessions and illegally procured evidence, and that an
informant used drugs and threats to coerce Mumley into
committing crimes.

The respondent agrees that Mumley filed "a habeas" in
Orleans County on April 15, 2004.  Later that year, the
action was transferred to Franklin County.  The most recent
event in the case was an order from Judge Alden Bryan, dated
September 9, 2006, allowing amendment of the petition by
December 1, 2006 and proposing a conference in mid-December
of 2006.  The record does not reflect any action after Judge
Bryan's order.

Mumley now claims that the state courts have failed to
provide him with a remedy, and that the undue delay in
hearing his habeas corpus petition entitles him to federal
court review.  As noted above, the respondents have
requested dismissal of Mumley's federal petition on the
basis of his failure to exhaust his state court remedies.

<u>Discussion</u>

Before a federal court may grant habeas relief, a petitioner must exhaust his state remedies.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  "The exhaustion requirement imposed by 28 U.S.C. § 2254(b)(1) means generally that before seeking a writ of habeas corpus in federal court, a state prisoner must first have presented his claim to the highest court of the state."  <u>Morgan v. Bennett</u>, 204 F.3d 360, 369 (2d Cir. 2000).  This requirement ensures that "state prisoners give state courts a fair opportunity to act on their claims."  <u>O'Sullivan</u>, 526 U.S. at 844.

Here, it is undisputed that Mumley has not yet presented his claims to the Vermont Supreme Court.  Although Mumley has clearly failed to exhaust his state court remedies, the Court must examine the exceptions to the exhaustion requirement as codified by § 2254(b)(1)(B)(i) and (ii).  Specifically, the Court must consider whether there is an absence of available state corrective process or whether circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1); <u>Lurie v. Wittner</u>, 228 F.3d 113, 124 (2d

Cir. 2000).

Because Mumley's state court petition is currently pending, he has not shown an absence of state process to address his claims.  Indeed, the sole question before the Court is whether state process is ineffective.  "The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where . . . the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile."  Oliphant v. Dep't of Corrections, 2006 WL 2432276, at *4 (D. Conn. August 18, 2006) (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).  Deficient or ineffective state process may be evidenced by "[i]nordinate delay in concluding [] post-judgment criminal proceedings," and such delay "may preclude a state from relying on the exhaustion requirement to defeat Federal review."  Sapienza v. Vincent, 534 F.2d 1007, 1010 (2d Cir. 1976).

"The Second Circuit has not defined the precise interval which constitutes an inordinate delay."  Oliphant, 2006 WL 2432276, at *4.  Several cases within this circuit have held that post-conviction proceedings were sufficiently delayed to allow a petitioner to bypass an exhaustion

4

requirement.  The delays in those cases, however, were much longer than the delay that Mumley has experienced here. See, e.g., Sapienza, 534 F.2d at 1090-10 (five-year delay); Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990) (six-year delay in appeal and inability to obtain replacement counsel); Brooks v. Jones, 875 F.2d 30, 31-32 (2d Cir. 1989) (eight-year delay during which appointed counsel failed to file appeal); see also Young v. Strange, 2005 WL 1943573, at *2 (D. Conn. Aug. 12, 2005) (nearly two and a half year delay insufficient for exception to § 2254 exhaustion requirement).

Mumley filed his state court petition in 2004, and there has been judicial action on his case as recently as four months ago.  He is represented by counsel in the state court proceeding, and has provided no reason to expect any further delays.  Given the length of time his state court petition has been pending, and in keeping with the case law cited above, the Court should not consider Mumley's state court proceedings inordinately delayed.  Because Mumley has not exhausted his state court remedies, his petition should be dismissed without prejudice.

Also pending before the Court are Mumley's motion for

5

an extension of time to respond to the exhaustion issue, and his motion for summary judgment.  Notwithstanding his motion for extension of time, Mumley has submitted two substantive oppositions to the respondent's arguments (Papers 11 and 12).  Because a third responsive filing is unnecessary, the motion for extension of time (Paper 10) is DENIED.  Further, and in light of my recommendation on the exhaustion issue, I recommend that Mumley's motion for summary judgment (Paper 3) also be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Mumley's petition for a writ of habeas corpus (Paper 1), filed pursuant to 28 U.S.C. § 2254, be DISMISSED without prejudice.  I further recommend that Mumley's motion for summary judgment (Paper 3) be DENIED.  Mumley's motion for extension of time (Paper 10) is DENIED.

Dated at Burlington, in the District of Vermont, this 10th day of January, 2007.

                              /s/ Jerome J. Niedermeier
                              Jerome J. Niedermeier
                              United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties,

6

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).